A91A2220. MORRIS v. THE STATE.
(415 SE2d 485)

SOGNIER, Chief Judge.

James Richard Morris was convicted of the offense of cruelty to children, OCGA § 16-5-70 (b), and he appeals.

OCGA § 16-5-70 (b) provides that "[a]ny person commits the offense of cruelty to children when he maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." Appellant contends the evidence was insufficient to support his conviction because the State failed to meet its burden of proof on both the causation and the malicious intent elements of the crime, and the evidence was circumstantial and did not exclude every reasonable hypothesis other than his guilt. We do not agree.

The State presented evidence at trial showing that the victim, the two-and-one-half-year-old son of the woman with whom appellant was living, was brought to University Hospital in Augusta on August 19, 1985, with bruises on his face, back, extremities, and buttocks. Appellant conceded at trial that the injuries occurred when he was alone with the victim while the child's mother was working, but insisted that the injuries had occurred in several falls. He attributed the facial bruises to the child's fall over a toy box and the bruises on the child's buttocks to an incident in which both he and the victim fell

down a hillside.

Two physicians who examined and treated the child testified that although some of the bruises could have been accidental, the facial and buttocks bruises were inconsistent with appellant's explanations. Dr. Reggie Pilcher testified that the facial bruises, consisting of three parallel marks on the cheek, were characteristic of a "classic hand print" made by striking a hand on the cheek and that the bruises on the victim's buttocks could only have been caused "[b]y someone or something spreading the buttocks apart and applying blunt trauma to the perineum and anus."

To warrant a conviction on circumstantial evidence, the proved facts need exclude only *reasonable* hypotheses — not bare possibilities that the crime could have been committed by someone else. "Questions of reasonableness are generally decided by the jury, and this court will not disturb the jury's finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the verdict is unsupportable as a matter of law." (Citations and punctuation omitted.) *Smith v. State*, 197 Ga. App. 609, 611 (398 SE2d 858) (1990). Even when the defendant is the sole eyewitness, the defendant's explanation may be rejected by the jury where that explanation is inconsistent with other direct and circumstantial evidence. *Terry v. State*, 243 Ga. 11, 12-13 (1) (252 SE2d 429) (1979). In the case sub judice, the jury was authorized to believe the testimony of the doctors rather than that of appellant regarding the nature of the injuries, and that testimony would support an inference of malice. Moreover, given that appellant admitted he was the only one present when the injuries occurred, the jury would have been authorized to infer as well that appellant caused the injuries. Accordingly, we find the evidence sufficient to have authorized the jury to find appellant guilty of cruelty to children under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Martin v. State*, 190 Ga. App. 486-487 (1) (379 SE2d 170) (1989).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 3, 1992.

*Fleming, Blanchard & Bonner, James G. Blanchard, Jr.*, for appellant.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Assistant District Attorney*, for appellee.