## A91A2232. SMITH v. THE STATE.
### (415 SE2d 495)

BIRDSONG, Presiding Judge.

Donny Sewell Smith appeals his judgment of conviction of DUI and the sentence. A police officer observed a vehicle driven by appellant weave and cross over into the oncoming lane. When the officer asked appellant how he was doing tonight, appellant responded "not too good." The police officer asked why, and appellant stated it was "because I been drinking and you pulled me over," or words to this effect. The police officer ordered appellant from the vehicle and observed the strong smell of alcohol. Appellant was asked to recite the ABC's portion of the sobriety test and did so poorly, leaving some letters out or reciting them out of order. Appellant declined to take further sobriety tests and stated he was too tipsy to touch his nose with his finger. At this point appellant was placed in the patrol car and was given a *Miranda* warning. The officer also testified appellant was disarranged; he did not really know where he was; he did not seem to know what he was saying; and he mumbled and stuttered. The arresting officer testified that in his opinion appellant's faculties were impaired, and the intoximeter officer opined that appellant when observed was under the influence of alcohol. Appellant subsequently refused to take the state administered chemical test. *Held:*

1. Appellant, citing *Berkemer v. McCarty,* 468 U. S. 420 (104 SC 3138, 82 LE2d 317), in essence asserts the trial court erred in admitting evidence of appellant's taking the ABC test and the results thereof, as appellant was not first given a *Miranda* warning; and, that this evidence also would taint the probable cause necessary for appellant's arrest.

The trial court ruled that any statements made or tests given subsequent to the alphabet test and prior to the reading of *Miranda* rights were not admissible. Basically, the trial court concluded that after the ABC test was taken and failed a reasonable person would believe he was under arrest and would go to jail. "The test for determining whether a person is 'in custody' at a traffic stop is if a reasonable person in the suspect's position would have thought the detention would not be temporary." *Hughes v. State,* 259 Ga. 227 (1) (378 SE2d

853), citing *Berkemer*, supra. The trial court's determination that appellant was not in custody prior to the time that he had taken and failed the ABC test is not clearly erroneous, thus it will not be disturbed on appeal. *Hughes*, supra at 228 (1); *Magher v. State*, 199 Ga. App. 508, 510 (405 SE2d 327).

Additionally, in *Hughes*, supra at 228 (2 b) the Supreme Court of Georgia expressly held that the alphabet test and physical dexterity tests are not inadmissible under the Fifth Amendment of the United States Constitution because they were not evidence of a testimonial or communicative nature. There is no reason this holding should not also extend to a claim of violation of OCGA § 24-9-20. *Classic Art Corp. v. State of Ga.*, 245 Ga. 448, 449 (265 SE2d 577). (Code Ann. § 38-415, currently OCGA § 24-9-20, is governed by the same standards as the Fifth Amendment privilege against self-incrimination.)

Appellant's first and second enumerations of error are without merit.

2. Appellant asserts in his third enumeration of error that the trial court erred in giving a charge, which he claims contained an expression of the trial court's opinion to the jury regarding "the intoxication of the defendant" in violation of OCGA § 17-8-57. The charge in its entirety reads as follows: "I instruct you that the manner of driving may be taken into account when there is evidence that the defendant has been drinking. The mere showing of the defendant's having been drinking without proof of his driving or his manner of driving is not sufficient. Proof of the smell of alcohol or odor of alcohol or the absence thereof upon the breath of the defendant may be considered as a circumstance regarding the intoxication of the defendant."

*Thurston v. State*, 186 Ga. App. 881 (2) (368 SE2d 822), cited by appellant, is distinguishable and not controlling. Likewise appellee's reliance on the language of *Turner v. State*, 95 Ga. App. 157, 158 (97 SE2d 348) is misplaced. Although the language used in an appellate court decision may embody sound principles of law, it is not always appropriate to employ such language in instructing the jury. *Griffin v. State*, 154 Ga. App. 261, 263 (2) (267 SE2d 867).

" ' "It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." ' " *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177). In addition to the questioned charge, the trial court instructed the jury as to the presumption of innocence, the State's burden of proof beyond a reasonable doubt, that the burden of proof never shifts to the defendant to prove his innocence, the definition of reasonable doubt, the duty of the jury to acquit the defendant if the State fails to prove guilt beyond a reasonable doubt, the definition of direct and circumstantial evidence, the weight of evidence as a ques-

tion of fact for jury determination, the statutory prohibitions of OCGA § 40-6-391 (a) (1) pertaining to driving under the influence of alcohol to the extent that it is less safe for the person to drive, that facts and circumstances which merely place a defendant under a grave suspicion of the crime charged or which merely raise a speculation or conjecture of guilt are not sufficient to authorize defendant's conviction, that it is not contrary to the law of this state for a driver merely to operate a vehicle after consuming some amount of alcohol, and that by no ruling or comment which the court has made during the progress of the trial has the court intended to express any opinion upon the facts of the case, upon the credibility of the witnesses, upon the evidence or upon the guilt or innocence of the defendant. Considering the instructions as a whole, we are satisfied that the jury was not misled by the questioned charge and that a charging error did not occur.

Appellant's other assertions are likewise without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED FEBRUARY 5, 1992.

*William Schneider*, for appellant.
*Nancy N. Bills, Solicitor*, for appellee.

