A92A2247, A92A2248. TRUAX v. THE STATE (two cases).
(428 SE2d 611)

ANDREWS, Judge.

Sharon Truax, appellant in Case No. A92A2247, and her son Daniel, appellant in Case No. A92A2248, appeal the denial of their motions for new trial after both were convicted of entering an automobile to commit theft and he was convicted of misdemeanor escape. Their appeals will be considered together.

Viewed in favor of the jury's verdict, *Howell v. State*, 188 Ga. App. 425 (1) (373 SE2d 216) (1988), the evidence was that around 10:00 p.m. on August 13, 1991, as he was heading home in an unmarked car after finishing his shift, sheriff's investigator Kelley saw Ms. Truax driving her white Toyota. He recognized her and the car because she and her son lived down the street from him. She was alone in the car. She turned up the road leading to the high school, turned around, and returned to Highway 145. Because of the late hour and her unusual activity, Kelley began to follow her. There had been a number of thefts from the Franklin County road department lot and he parked in a residential driveway from which he could view the lot. About five minutes later, he observed Ms. Truax come down Highway 145 from the opposite direction and pull up near the entrance to the road department lot, where she stopped. The lot was dark and locked for the night. Kelley heard a car door slam and he got in his car and followed her. There were now two people in the car. He pulled her car over and asked where she was going. When she replied that she was going home, he inquired why she had stopped at the road department and she would not answer. At that point, Kelley walked to the passenger side and observed Daniel Truax in the passenger seat and on the floorboard between his legs was a Tumlin marine battery. Kelley asked Daniel to get out of the car and asked Ms. Truax where she had obtained the battery. She said she had bought it within the last couple of days from Mr. Lewallen. It was raining that evening and there was a pair of wet gloves on the front seat. The battery also was wet. Kelley then informed the Truaxes that they would have to ride over to the sheriff's office to straighten out the matter. Daniel rode with Kelley and Ms. Truax followed them in her car. According to Kelley, Ms. Truax appeared nervous during the encounter.

Upon arriving at the station, they all went into the front office of the sheriff's department where the radio operator was located. Kelley told Daniel to stay there. When asked if Daniel had been free to leave, Kelley testified "No. That was the reason I placed him in my vehicle."

Kelley then went to a rear office to discuss another matter with other officers. While he was there, the radio officer came to ask if

Daniel was supposed to stay and informed Kelley that Daniel had just walked out. They attempted to locate him at that time, but were unsuccessful.

Kelley then called Lewallen and inquired if Truax had purchased a Tumlin battery from him in the last couple of days. Lewallen informed him that he had stopped working for the used car lot about two weeks previously. He additionally told Kelley that marine batteries were not usually sold there. When Kelley informed Ms. Truax of this, she snapped her fingers and cursed.

Kelley then returned to the road department where he was joined by Kennedy who was in charge of the department. Kennedy unlocked the gate and they checked the vehicles. They found an ambulance with the hood unlatched. While ambulances normally have two batteries, there was only one in place and an empty space where the other should have been. The remaining battery was a marine Tumlin battery, like the one found in Truax's car. Kelley also found the spot in the fence where entrance had apparently been obtained, about 50 feet from the gate.

At trial, Ms. Truax and her niece testified that, around the first of August, they had gone to Hartwell and purchased the battery for the Toyota. When asked why she initially said she purchased it from Lewallen, she blamed medication which she said caused memory problems and denied making that statement to Kelley when stopped.

1. At the close of all evidence, defendants made motions for directed verdicts, which were denied. Both enumerate the denial as error.

OCGA § 16-8-18 provides that if a person enters an automobile or vehicle with the intent to commit a theft or felony therein, he is guilty of a felony. While, here, no one saw the actual entry into the ambulance, it was after hours at a government facility with a locked gate. An ambulance was missing a battery, the hood was up, and the gate had been breached. The Truaxes were stopped near the lot with the same type battery in their possession. Whether the circumstances are sufficient to exclude every reasonable hypothesis save that of the guilt of the accused is a question for the jury. *Morris v. State*, 202 Ga. App. 673, 674 (415 SE2d 485) (1992). There being evidence sufficient to convince any rational trier of fact of the existence of the essential elements of the crime, the judgment is affirmed. *Jackson v. Virginia*, 443 U. S. 307, 310 (99 SC 2781, 61 LE2d 560) (1979); *Groble v. State*, 192 Ga. App. 260 (1) (384 SE2d 281) (1989).

2. Daniel Truax also contests the sufficiency of the evidence on his escape conviction, contending there was no proof that he was under "arrest" during the incident.

OCGA § 16-10-52 (a) (2) provides that a person commits escape when he "[b]eing in lawful custody or lawful confinement prior to

conviction, intentionally escapes from such custody or confinement."

When Daniel was separated from Ms. Truax and placed in investigator Kelley's police vehicle for the trip to the jail to further investigate the matter, the jury could reasonably conclude that " 'a reasonable person in the suspect's position would have thought the detention would not be temporary.' [Cit.]" *Smith v. State*, 202 Ga. App. 701 (1) (415 SE2d 495) (1992). Likewise, when seated in the anteroom of the police station in the presence of the radio officer and told to wait by Kelley, a reasonable person would not have thought he was free to go. *Id.*

*Judgments affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 24, 1993.

*Lavender & Lavender, Robert W. Lavender, Michelle C. Feinberg*, for appellants.
*Lindsay A. Tise, Jr., District Attorney, John H. Bailey, Jr., Assistant District Attorney*, for appellee.