## A96A1086. THE STATE v. PETERS.
### (474 SE2d 623)

JOHNSON, Judge.

Joseph D. Peters was charged with driving under the influence of alcohol when he failed field sobriety tests after having been stopped for speeding. The trial court granted Peters' "Motion to Suppress and Motion In Limine," excluding the test results on the ground that Officer Clayton had placed Peters under arrest but not informed him of his *Miranda* rights before administering the tests. The state appeals. We reverse.

"Factual and credibility determinations made by a trial judge after a suppression hearing or a motion in limine hearing to exclude evidence are accepted by appellate courts unless clearly erroneous." (Citation and punctuation omitted.) *State v. Leviner*, 213 Ga. App. 99 (1) (443 SE2d 688) (1994). However, "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

We accept as true the trial court's findings that, before he administered the field sobriety tests, Officer Clayton had taken Peters' driver's license and stated that Peters was not free to leave. However, we do not accept the trial court's reasoning that *Miranda* warnings were required because "a person is under arrest whenever his liberty to come and go as he pleases is restrained, no matter how slight such restraint may be." A police officer may briefly detain a motorist and administer field sobriety tests that are not of a "testimonial or communicative nature" without advising the motorist of his or her rights against self-incrimination. *Smith v. State*, 202 Ga. App. 701, 702 (1) (415 SE2d 495) (1992). This is because "[t]reatment of this sort cannot fairly be characterized as the functional equivalent of formal arrest." *Lankford v. State*, 204 Ga. App. 405, 407 (2) (419 SE2d 498) (1992). The trial court erred in suppressing the test results.

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JULY 9, 1996 —
RECONSIDERATION DENIED AUGUST 14, 1996.

*Ralph T. Bowden, Jr., Solicitor, Charles C. Flinn, Assistant Solicitor,* for appellant.

*Peters, Roberts, Borsuk & Taylor, R. Stephen Roberts, J. M. Raffauf,* for appellee.