A03A1346. IN THE INTEREST OF M. C. A., a child.
(589 SE2d 331)

MIKELL, Judge.

M. C. A. was adjudicated a delinquent for committing the offenses of entering an automobile with the intent to commit a theft therein, OCGA § 16-8-18, and theft by taking, OCGA § 16-8-2. On appeal, he challenges the sufficiency of the evidence. We affirm.

In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.[1]

Viewed in the light most favorable to the juvenile court's adjudication, the evidence shows that on January 13, 2003, 16-year-old J. N. drove his 1987 Chevrolet truck to school. J. N. testified that he left the passenger side door unlocked. When he returned to his truck

---

[1] (Citations and punctuation omitted.) *In the Interest of J. M.*, 237 Ga. App. 298 (1) (513 SE2d 742) (1999); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

at 4:30 p.m., J. N. discovered that his cell phone, a Nokia 5150, was missing from his duffel bag. J. N. testified that he had placed the phone in the bag on the passenger side floorboard. J. N. met his girl-friend behind the gym and used her cell phone to call his phone. S. R., a teenager whom J. N. knew, answered. J. N. retrieved his phone from S. R. later that evening.

S. R. testified that he rode a school bus with M. C. A. on the date in question and that M. C. A. was "ranting about 'ganking' some kid's cell phone." S. R. explained that "ganking" was a slang term for steal-ing. Two other teenagers who rode the same bus, J. C. and A. J., testi-fied that they overheard him remark that he "ganked" the phone. Both J. C. and S. R. observed M. C. A. talking on the phone.

J. C. sat next to S. R. and directly behind M. C. A. S. R. testified that he wanted to return the phone to its rightful owner, so he asked J. C., who was a friend of M. C. A., to ask him to use the phone. When M. C. A. handed it to J. C., J. C. scrolled through the numbers that were stored in the phone but did not recognize any of them. Then the phone rang, and J. C. passed it to S. R., who answered it. It was J. N. calling.

1. "A person commits the offense of theft by taking when he unlawfully takes or . . . appropriates any property of another with the intention of depriving him of the property. . . ."[2] "Intent to use the property of another without the owner's authorization evinces an intent to commit a theft."[3] M. C. A. argues that the evidence failed to show that he possessed J. N.'s phone without authorization. We dis-agree. M. C. A.'s boasting on the school bus that he "ganked," or stole, the cell phone, coupled with the victim's testimony that his phone was "missing," provided ample circumstantial evidence from which the trier of fact could have determined that M. C. A. was not autho-rized to possess the phone.

2. M. C. A. further claims that the circumstantial evidence does not support his conviction of entering an automobile because the facts do not exclude every reasonable hypothesis other than his guilt.[4] M. C. A. offers two alternatives to the state's theory that he obtained J. N.'s cell phone by entering his truck. M. C. A. maintains that he could have stolen the phone from another individual who moved it from the truck or that M. C. A. may have lied about stealing it and found it instead. "To warrant a conviction on circumstantial evidence, the proved facts need exclude only reasonable hypotheses — not bare possibilities that the crime could have been committed by

[2] OCGA § 16-8-2.

[3] *Smith v. State*, 253 Ga. App. 504, 505 (559 SE2d 537) (2002), citing *Sorrells v. State*, 267 Ga. 236, 238 (1) (b) (476 SE2d 571) (1996).

[4] OCGA § 24-4-6.

someone else."[5] Questions of reasonableness are reserved for the factfinder, and we will not disturb its finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the adjudication of delinquency is unsupportable as a matter of law.[6] In this case, the circumstantial evidence was sufficient for any rational trier of fact to determine beyond a reasonable doubt that M. C. A. committed the offense of entering an automobile with the intent of committing theft.[7]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 24, 2003.

*Eric A. Ballinger,* for appellant.
*Garry T. Moss, District Attorney,* for appellee.

---

[5] (Emphasis omitted.) *Morris v. State,* 202 Ga. App. 673, 674 (415 SE2d 485) (1992).
[6] Id. See also *Truax v. State,* 207 Ga. App. 506, 507 (1) (428 SE2d 611) (1993).
[7] *Jackson v. Virginia,* supra.
[1] See *Adams v. State,* 255 Ga. 356, 357 (338 SE2d 860) (1986).