600 S.E.2d 401 (2004)
267 Ga.App. 428
In the Interest of N.L.G., a child.
No. A04A0155.
Court of Appeals of Georgia.
May 17, 2004.
Valerie Brown-Williams, Albany, for appellant.
Kenneth B. Hodges, III, Dist. Atty., Leah E. McEwen, Asst. Dist. Atty., for appellee.
ADAMS, Judge.
N.L.G. was adjudicated delinquent for being a party to the crime of aggravated assault with intent to murder, participating in gang activity, and providing false information *402 to an officer. On appeal, N.L.G. contends that the evidence was insufficient to support the findings.
In considering an appeal from an adjudication of delinquency, we view the evidence in the light most favorable to the prosecution to determine if a rational trier of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. In the Interest of D.S., 239 Ga. App. 608, 521 S.E.2d 661 (1999). The evidence is considered under the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), with all reasonable inferences construed in favor of the juvenile court's findings. In the Interest of J.D., 243 Ga.App. 644, 534 S.E.2d 112 (2000). In the Interest of R.W., 257 Ga. App. 488, 571 S.E.2d 485 (2002).
Viewed in this light, the evidence shows that on the evening of March 11, 2003, a group of young people and more than a few members of a local gang, including 16-year-old co-defendant K.R., were gathered at the home of Earnestine and Shandora Cheeks in Albany for a party. Appellant N.L.G. (age 16) and co-defendants B.J. and J.H. were at the party. K.R., an admitted gang member, and other members of the gang discussed leaving the party and going to the "west side" to take revenge on another gang for something that had happened to K.R. over three months earlier. A short time later, a group of perhaps 50 boys assembled, then split into smaller groups and headed across town. The boys were carrying bricks, sticks, and bats.
Meanwhile, at about 11:00 p.m., 12-year-old Ikeem Kendrick was walking home with P.C. (age 16) and B.B. (age 14), who were members of a rival gang known as the "Rattlers," after trying to get something to eat at a nearby fast food restaurant. There was no testimony that Ikeem was a gang member. Within a block or two of Ikeem's home, the three boys saw one or more groups of boys, most of whom were wearing white t-shirts, walking toward them. It appeared to B.B. that all the groups were operating together. Ikeem thought based on past events, and on where the groups of boys appeared to be coming from, that they were members of a gang. P.C. understood that the white t-shirts meant that the boys were in a gang. He also saw appellant N.L.G. together with B.J. and J.H. at the front of one group. B.B., too, saw N.L.G. in the area. The groups then started to chase the three boys. The three ran in separate directions with some members of the larger group following each of them. Both P.C. and B.B. escaped and did not see what happened to Ikeem.
Ikeem did not escape. A group of 15 or more boys surrounded him, knocked him down, beat him with bricks, kicked him, and severely stabbed him several times. Although Ikeem was unable to identify N.L.G. as one of his attackers, Donna Boone, a 23-year-old nearby resident, testified that she specifically saw N.L.G., wearing a white t-shirt, and others chase Ikeem and catch him. After they left she went over to Ikeem and saw that he had been stabbed and was covered in blood. Ikeem spent two weeks in the hospital recovering. A knife was never found.
Ten minutes later and within running distance of the stabbing, N.L.G., sweating profusely, told an officer that his name was Kawasaki Williams. N.L.G. does not contest the finding regarding providing false information to an officer.
1. N.L.G. was charged with aggravated assault with intent to murder "by stabbing the victim with a knife and punching and kicking said victim."
"Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20(a). "A person is concerned in the commission of a crime only if he: ... (3) Intentionally aids or abets in the commission of the crime; or (4) Intentionally advises, encourages, hires, counsels, or procures another to commit the crime." OCGA § 16-2-20(b). Mere presence at the scene of a crime and mere approval of the criminal act are not sufficient evidence to establish that the defendant was a party to the crime. Jordan v. State, 272 Ga. 395(1), 530 S.E.2d 192 (2000). Proof that the defendant shares a common criminal intent with the actual perpetrators is necessary, Jones v. *403 State, 250 Ga. 11, 13, 295 S.E.2d 71 (1982), and may be inferred from the defendant's conduct before, during, and after the crime. Sands v. State, 262 Ga. 367, 368(2), 418 S.E.2d 55 (1992). Furthermore, "[t]o warrant a conviction on circumstantial evidence, the proved facts shall ... exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6.
The State presented evidence from which the court could conclude that N.L.G. was willingly present when Ikeem was beaten and stabbed; that he had been a part of a large group of boys carrying bricks, sticks, and bats who were on a mission of revenge; and that he fled the scene and gave false information to police only moments after the incident. That N.L.G. may not have stabbed Ikeem is not controlling if he was an accomplice of those who did. See Johnson v. State, 276 Ga. 368, 371, 578 S.E.2d 885 (2003). Since there was evidence that N.L.G. was present when the crimes were committed and the court could infer from his conduct before and after the crimes that he shared the criminal intent of the actual perpetrators, the evidence was sufficient to authorize his conviction as a party to the crime. See Eckman v. State, 274 Ga. 63, 65(1), 548 S.E.2d 310 (2001).
2. N.L.G. was charged under OCGA § 16-15-4(d) with "actively and willfully caus[ing] or coerc[ing] another to participate in the `Rattlers' in the commission of a felony, to wit: Aggravated Assault with Intent to Murder, with knowledge that its members have engaged in a pattern of criminal street gang activity." Because there is no evidence that N.L.G. caused or coerced another person to participate in the commission of a crime, this finding must be reversed. Because it is unclear to what degree the juvenile court based its dispositional order on this finding, the order of disposition must be vacated and remanded for further findings consistent with this opinion. See generally In the Interest of E.D.F., 243 Ga.App. 68, 69-70(3), 532 S.E.2d 424 (2000).
3. Based on Division 1, the evidence supports the finding of delinquency.
Judgment affirmed in part and reversed in part; order of disposition vacated and remanded with direction.
RUFFIN, P.J., and ELDRIDGE, J., concur.