A05A0807. IN THE INTEREST OF A. J., a child.
(614 SE2d 159)

MILLER, Judge.

In this delinquency proceeding, a juvenile court found that A. J. had committed both sexual battery and aggravated assault. A. J. appeals as to the assault only on the ground that the evidence was insufficient. We find no error and affirm.

Viewed in the light most favorable to the juvenile court's finding, the record shows that A. J. and another youth, J. H., appeared at the home of the victim, who knew them both. When she answered the door, J. H. pushed his way in and asked for some orange juice. The victim told him to leave, but J. H. put her in a headlock, pointed a gun at her head, and began to fondle her. The victim screamed, ran to the door, and opened it. A. J. was standing in the doorway and pushed her back inside. The two boys then forced her into her room and continued to grope her, in the course of which J. H. put the gun down on the floor. The victim fought back, biting and scratching J. H. and punching him in the genitals. When the doorbell rang, the boys fled, thinking that the victim's father had arrived.

A. J.'s motions to dismiss were denied. He now appeals, arguing that because he was not present when J. H. pointed the gun at the victim, the evidence was insufficient to support a finding that he himself committed aggravated assault.

In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we view the evidence in favor of the juvenile court's finding, determining only if a reasonable finder of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged. *In the Interest of M. C. A.*, 263 Ga. App. 770 (589 SE2d 331) (2003); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here, A. J. blocked the victim's flight, assisted J. H. in pushing her into the bedroom, and committed sexual battery, all while J. H. remained armed with the gun he had pointed at the victim's head. This evidence is sufficient to support the juvenile court's finding that A. J. committed aggravated assault. See OCGA §§ 16-5-21 (a) (2) (defining aggravated assault as assault with deadly weapon); 16-2-20

(a) (person concerned in commission of crime may be convicted of it); *In the Interest of N. L. G.*, 267 Ga. App. 428, 430 (1) (600 SE2d 401) (2004) (juvenile found guilty of aggravated assault where he was part of group that attacked victim even when victim could not identify him as one of the attackers).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED APRIL 19, 2005.

*Laura S. Farrar*, for appellant.
*Tommy K. Floyd, District Attorney, Mary Evans-Battle, Thomas L. Williams, Assistant District Attorneys*, for appellee.