A06A0774. IN THE INTEREST OF E. R., a child.
(631 SE2d 458)

MILLER, Judge.

The Dougherty County Juvenile Court adjudicated E. R. delinquent for acts that, if committed by an adult, would have constituted the offenses of party to the crimes of aggravated assault and battery. E. R. appeals, challenging the sufficiency of the evidence. Discerning no error, we affirm.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we view the evidence in favor of the juvenile court's finding, determining only if a reasonable [trier] of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged.

*In the Interest of M. C. A.*, 263 Ga. App. 770 (589 SE2d 331) (2003); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*In the Interest of K. B. F.*, 274 Ga. App. 186, 186-187 (617 SE2d 153) (2005). So viewed, the evidence shows that K. H. told her grandmother that she had been beaten up by a group of boys and girls. K. H.'s grandmother, her brother (Steve Covin), and K. H. drove to the residence of the parents involved to resolve the issue.

When they arrived, 25-30 youths were standing in the front yard, among them E. R. K. H.'s grandmother asked to speak with a parent inside, but E. R. "got in her face . . . [saying], 'You are not going — you are not even going up that way.' " As E. R. did so, the crowd gathered around them. K. H. then exited the vehicle and attempted to reach the residence. Contemporaneously, the crowd, including E. R., began punching and kicking K. H.'s grandmother. One of the grandmother's assailants struck her in the head with a shotgun. Although E. R. knocked K. H. to the ground and hit her, Covin managed to get K. H. into the vehicle and then returned to the fight to help his sister. The fracas ended when the police arrived on the scene.

"Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (a). A person is concerned in the commission of a crime if he or she "[d]irectly commits the crime; . . . [or] [i]ntentionally aids or abets in the commission of [a] crime. . . ." Id. at (b) (1), (3). Mere presence at the scene of a crime and mere approval of the criminal act are insufficient to establish a defendant's status as a party to a crime. *Jordan v. State*, 272 Ga. 395, 396 (1) (530 SE2d 192) (2000). "Proof that [a] defendant shares a common criminal intent with the actual perpetrators is necessary, and may be inferred from the defendant's conduct before, during, and after the crime." (Citations omitted.) *In the Interest of N. L. G.*, 267 Ga. App. 428, 430 (1) (600 SE2d 401) (2004).

The State's evidence showed E. R.'s participation in the attack on K. H.'s grandmother, during which attack one of her assailants struck her with a shotgun. There is also evidence that E. R. knocked K. H. down and struck her. While E. R. denies the charged offenses, "[t]he testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8; *Jones v. State*, 268 Ga. 12, 14 (1), n. 3 (483 SE2d 871) (1997).

The evidence supported the findings of delinquency for acts that would have constituted the charged offenses if committed by an adult. OCGA §§ 16-2-20 (a), (b) (1), (3); 16-5-23 (a) (2) (battery); 16-5-21 (a) (2) (aggravated assault); *N. L. G.*, supra, 267 Ga. App. at 430 (1).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 16, 2006.

*Valerie Brown-Williams*, for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Matthew Breedon, Assistant District Attorneys*, for appellee.