A06A1494. JACKSON v. THE STATE.
(635 SE2d 372)

JOHNSON, Presiding Judge.

Aaron Jackson seeks reversal of his convictions for trafficking in cocaine and violating the Georgia Controlled Substances Act. We find no error and affirm his convictions.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] As long as there is some

---

[1] *Cockrell v. State*, 248 Ga. App. 359 (1) (545 SE2d 600) (2001).
[2] (Citation omitted.) *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).

evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

Viewed in that light, the evidence shows that DeKalb police received several anonymous telephone calls regarding drug activity in a house at 1981 Meadow Lane in DeKalb County. A detective drove by the house on numerous occasions and observed activity consistent with drug sales. On November 5, 2003, the detective had a confidential informant make a cocaine purchase at the house. On November 7, 2003, the detective obtained a search warrant, which police executed on November 13, 2003. A Ford Crown Victoria was parked, with the engine running, in the driveway of a neighboring abandoned house.

During the search, police found Jackson naked in a bathroom shower. The shower was running, but Jackson was not wet above the waist, and there were no towels or wash cloths in the bathroom. Jackson's clothes were on the floor. Cash and a Ford automobile key were found in his sweat pants. The toilet tank contained 90.48 grams of 75.7 percent purity cocaine in a plastic bag and wet cash. In addition, a small bag of cocaine, totaling less than one gram, was recovered from the toilet bowl. The money found totaled $1,034 in small denominations. Jackson told the arresting officer that he did not live in the house, but had just come over to take a shower.

The Ford car key found in Jackson's clothing fit the Crown Victoria idling in the driveway of the house next door, and Jackson's driver's license was found in the car. Jackson's brother and another witness confirmed that Jackson owned the car. A drug sniffing dog walking around the outside of the car alerted to the car, and 33.2 grams of marijuana were seized from the car's steering column.

Jackson's brother, who owned the house, testified at trial that he thought the police had planted the drugs. He further testified that Jackson had entered the house just prior to the police and fled to the bathroom due to his inexperience with police. Jackson's brother suggested that Eric Gilbert, who fled out the back door when police arrived, may have left the drugs in the bathroom. Jackson's nephew also testified that Gilbert was in the bathroom when police arrived.

Jackson maintains that the evidence was insufficient to support his conviction for cocaine trafficking and marijuana possession. We disagree. "To warrant a conviction on circumstantial evidence, the proved facts need exclude only *reasonable* hypotheses — not bare possibilities that the crime could have been committed by someone else."[4] And questions of reasonableness are generally decided by the

---

[3] *Parnell v. State*, 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).

[4] (Emphasis in original.) *Morris v. State*, 202 Ga. App. 673, 674 (415 SE2d 485) (1992).

jury.[5] This Court will not disturb the jury's finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the verdict is unsupportable as a matter of law.[6]

Here, the evidence showed more than a mere spatial proximity between Jackson and the drugs. He was the only one in the bathroom and there was evidence that he lied about taking a shower. There was cocaine floating in the toilet bowl and more cocaine, with wet cash, found in the toilet tank. In addition, more cash and the key to an idling car containing marijuana was found in Jackson's clothing lying on the floor of the bathroom. It is well established that where drugs are found in the immediate presence of a defendant, the jury is authorized to find that the defendant is in constructive possession of the drugs.[7] Furthermore, a presumption arises from proof of ownership and control of an automobile that the owner is in control and possession of contraband found in the automobile.[8] There was sufficient evidence for a rational trier of fact to conclude that Jackson was in constructive possession of the drugs found in the bathroom and in the steering column of his automobile.

2. Jackson contends his trial counsel was ineffective because (a) he failed to move to suppress the marijuana and identification found inside the idling car, and (b) he introduced evidence that Jackson was the target of the police investigation.

In order to establish a claim of ineffective assistance of trial counsel, Jackson must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[9] "Prejudice exists where there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel."[10] However, every effort must be made to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time, and counsel is entitled to a strong presumption that his conduct falls within the wide range of reasonable professional conduct and that all significant decisions were made in the exercise of reasonable professional judgment.[11] Here, the trial court found that counsel had been effective, and this Court will affirm a trial court's finding that counsel was effective unless it is clearly erroneous.[12]

---

[5] Id.

[6] Id.

[7] See *Washington v. State*, 251 Ga. App. 206, 208 (1) (553 SE2d 855) (2001).

[8] See *Battle v. State*, 244 Ga. App. 599, 601 (1) (536 SE2d 273) (2000); *Henderson v. State*, 191 Ga. App. 275, 276 (1) (a) (381 SE2d 423) (1989).

[9] See *Crenshaw v. State*, 248 Ga. App. 505, 510 (4) (546 SE2d 890) (2001).

[10] (Footnote omitted.) Id.

[11] See *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985).

[12] *Crenshaw*, supra at 511.

(a) Jackson first claims his trial counsel was ineffective for failing to file a motion to suppress the marijuana and identification found in the idling car. However, trial counsel testified that after listening to the evidence adduced at the preliminary hearing, he chose not to pursue the motion to suppress, which he had originally filed, because he knew he could not prevail on the motion. It is not ineffective assistance of counsel to refrain from making a futile motion or filing a meritless motion to suppress.[13]

Here, the evidence shows that police had probable cause to search the idling vehicle. As the police pulled up to 1981 Meadow Lane to execute the search warrant, they noticed the Ford vehicle parked on the property next to the target house. The house on that property looked to be abandoned, and the Ford's engine was running, but nobody was inside the vehicle. When police executed the search warrant, they found Jackson in the bathroom with 90 grams of cocaine, more than $1,000 in cash and a Ford car key. Jackson told police he had just stopped by the house for a shower. Police determined that the key found in Jackson's clothing fit the idling car, and a drug dog that was part of the warrant team conducted an open air sniff on the outside of the idling vehicle. The drug dog alerted to the presence of drugs. When police opened the vehicle they found Jackson's identification and over one ounce of marijuana in the steering column. This was a proper warrantless search.[14] Since trial counsel's motion to suppress would have failed, trial counsel was not ineffective for reasonably deciding not to pursue it.[15]

(b) Jackson contends his trial counsel was ineffective because he asked two questions on cross-examination that allegedly elicited evidence damaging to Jackson. The record shows that during cross-examination of the lead detective by co-defendant's counsel, co-defendant's counsel elicited testimony indicating that the Ford vehicle was the "target vehicle." Jackson's trial counsel successfully objected to the question, and the trial court directed the jury to disregard the question. Subsequently, when Jackson's trial counsel cross-examined the lead detective on the case, the following discussion occurred:

Q: And it's fair to say that when you went in both of these gentlemen, Ramone and his brother Aaron, were targets of your investigation; correct?

---

[13] See *McCollum v. State*, 257 Ga. App. 330, 332-333 (2) (a) (571 SE2d 405) (2002); *Nickerson v. State*, 248 Ga. App. 829, 832 (2) (b) (545 SE2d 587) (2001).

[14] See *Crenshaw*, supra (the use of a trained drug detection dog, in a location where he is entitled to be, to sniff the exterior of a car, is not an unreasonable search).

[15] See *Nickerson*, supra.

A: Yes, sir.

Q: It would be inaccurate to say that it was just Mr. Aaron Jackson.

A: Yes, sir.

Jackson argues on appeal that these questions tied him to earlier testimony by the detective regarding previous drug sales at the house.

Trial counsel testified at the motion for new trial hearing that he asked those particular questions because he recalled that the detective had affirmatively stated that Jackson's vehicle was the target of his investigation before trial counsel had been able to object to co-defendant counsel's question. "And so with that, the bell having already been rung, perhaps I was simply trying to let the jury understand that Aaron Jackson was not the only person who was a target of this investigation." The question was therefore partly in response to co-defendant counsel's attempt to "lay it all" on Jackson. Part of trial counsel's strategy was to show that other people in the house were targets and responsible for the drugs being there.

Jackson's trial counsel provided reasonable strategic and tactical reasons for asking the questions at issue, and decisions during the trial that result from reasonable tactics or trial strategy do not amount to deficient performance by trial counsel.[16] Moreover, it is well established that "[t]he scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel."[17] The trial court did not clearly err in concluding that Jackson received effective assistance of trial counsel in this regard.

3. Jackson maintains the trial court erred in its charge to the jury on accomplice testimony. The record shows that at one point in the lengthy charge on accomplice testimony, the trial court instructed the jury that "[t]he testimony of one accomplice may be supported by testimony of another accomplice." While this charge was not based on evidence in the record because only one alleged accomplice testified in this case,[18] the record shows that Jackson specifically requested the language charged by the trial court. Induced error is not grounds for reversal.[19]

---

[16] See *Nihart v. State*, 227 Ga. App. 272, 273 (1) (488 SE2d 740) (1997).

[17] (Footnote omitted.) *Simpson v. State*, 277 Ga. 356, 359 (4) (b) (589 SE2d 90) (2003).

[18] See *Crosby v. State*, 150 Ga. App. 555, 556-557 (2) (258 SE2d 264) (1979).

[19] See *Barnes v. State*, 269 Ga. 345, 356 (19) (496 SE2d 674) (1998).

Furthermore, as in *Saxon v. State*[20] and *Polite v. State*,[21] corroboration of the accomplice's testimony was not a vital issue in this case. Jackson was arrested alone in a bathroom with 90 grams of cocaine and over $1,000 cash, plus a key to an idling vehicle where marijuana was found. In addition, he lied about his reason for being in the house: to take a shower. There is no significant danger that Jackson was convicted on a theory unauthorized by the evidence, and Jackson cannot show harm sufficient to warrant reversal due to this charge.[22]

4. Jackson contends the trial court erred in its charge to the jury on knowledge because it added the words "and has knowledge of" in its jury charge on Jackson's knowledge of cocaine trafficking. These four words appear to be surplusage. The charge as a whole specifically instructs the jury that if the defendant "did not knowingly and intentionally commit, participate or help in the commission of, and has knowledge of the alleged offense, then it would be your duty to acquit the defendant." The jury was charged that knowledge alone was not sufficient to convict Jackson. The jury was specifically charged that it must find beyond a reasonable doubt that Jackson had knowledge of the crime of trafficking cocaine and that he knowingly and intentionally participated or helped in the commission of it before they would be authorized to convict.

In addition, the jury charge repeatedly instructed the jury that the state had the burden of proving that Jackson knowingly possessed the cocaine, that criminal intent and all other elements of the offense must be proved beyond a reasonable doubt, and that mere suspicion, association or presence is not sufficient to authorize the defendant's conviction. Viewing the charge as a whole, it cannot be said that the trial court's charge constituted reversible error.[23]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED AUGUST 11, 2006.

*Kirby Clements, Jr.*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Daniel J. Quinn, Assistant District Attorneys*, for appellee.

---

[20] 266 Ga. App. 547, 552-553 (2) (597 SE2d 608) (2004).
[21] 273 Ga. App. 235, 241 (7) (614 SE2d 849) (2005).
[22] See *Polite*, supra; *Saxon*, supra.
[23] See *Carroll v. State*, 275 Ga. 160, 161 (4) (563 SE2d 125) (2002); *Nanthabouthdy v. State*, 245 Ga. App. 456, 458 (2) (538 SE2d 101) (2000).