A06A1407. IN THE INTEREST OF J. L., a child.
(635 SE2d 393)

PHIPPS, Judge.

The juvenile court adjudicated J. L. delinquent after finding that she had committed acts that would have constituted two counts of aggravated assault and two counts of failing to stop at or return to an accident scene, if the acts had been committed by an adult. On appeal, she challenges the sufficiency of the evidence. Because the evidence was sufficient, we affirm.

In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we view the evidence in favor of the juvenile court's findings, determining only if a reasonable finder of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged.[1]

According to the state's witnesses, on June 19, 2005, J. L. drove to the home of her ex-boyfriend and his girlfriend, even though the girlfriend had previously told J. L. not to come to their home. J. L. got out of the car and began talking to a friend outside the residence. The girlfriend repeatedly told J. L. to leave. J. L. eventually got back into

---

[1] *In the Interest of M. C. A.*, 263 Ga. App. 770 (589 SE2d 331) (2003); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

her car and drove out of the yard, as her former boyfriend and his girlfriend stood together watching. But J. L. abruptly headed back to the residence; yelled from her car, "I've got something for that bitch"; "whipped" her car into the girlfriend first and then struck her former boyfriend, injuring them. The boyfriend then "tried to grab [J. L.]" and threw a cup of water in her direction, but she sped away and did not return.

J. L. denied striking her ex-boyfriend with her car and testified that she accidentally struck his girlfriend because she ran in front of her car. She claimed that she fled the scene of necessity because her ex-boyfriend was making threatening gestures at her after her car struck his girlfriend.

"Decisions as to the credibility of witnesses are in the province of the trial court,"[2] which apparently determined that the state disproved J. L.'s defense. Because the evidence, viewed in the light most favorable to the juvenile court's findings, authorized a reasonable finder of fact to conclude beyond a reasonable doubt that J. L. committed the acts charged, her challenge to the sufficiency of the evidence fails.[3]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 14, 2006.

*Sexton, Key & Hendrix, Joseph S. Key*, for appellant.
*Tommy K. Floyd, District Attorney, Mary Evans-Battle, Assistant District Attorney*, for appellee.

[2] *In the Interest of R. W.*, 257 Ga. App. 488, 490 (571 SE2d 485) (2002) (citation and punctuation omitted).
[3] See OCGA §§ 16-5-21 (a) (2) (aggravated assault); 40-6-270 (a) (3) (failure to stop at or return to the scene of an accident injuring a person and render person assistance); *In the Interest of R. W.*, supra.