**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**August 10, 2012**

# In the Court of Appeals of Georgia

A12A0973. SALLYWHITE v. THE STATE.

MILLER, Judge.

Following a bench trial, Tiffany Marie Sallywhite was convicted of simple battery (OCGA § 16-5-23 (a) (1)). Sallywhite appeals from the denial of her motion for new trial, contending that the judgment of conviction was against the weight of the evidence. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. An appellate court does not weigh the evidence or judge the credibility of the witnesses but only determines whether the evidence to convict is sufficient under the standard of *Jackson v. Virginia*, 443 U.S. 307 ([99 SC 2781, 61 LE2d 560) (1979)]. Conflicts in the testimony of the witnesses . . . are a matter of credibility for the jury to resolve. So long as there is some competent evidence, even though contradicted, to

support each element of the State's case, the jury's verdict will be upheld.

(Citations and punctuation omitted.) *Ringo v. State*, 236 Ga. App. 38, 39 (510 SE2d 893) (1999).

So viewed, the trial evidence shows that on December 22, 2008, the victim hosted a birthday party for her teenage daughter at a club venue in McDuffie County. Sallywhite and her accomplice attended the party. While at the party, Sallywhite and her accomplice attempted to smoke marijuana. The victim interceded and told them that smoking was not allowed inside the club venue. Sallywhite and her accomplice then became aggressive and told the victim that the red shirt that she was wearing was the "wrong color" and was not the color associated with their gang. The victim demanded that Sallywhite and her accomplice leave the party. Sallywhite's accomplice then hit the victim in the back of her head, and Sallywhite joined in the physical attack. The victim testified that both Sallywhite and her accomplice "jumped" her and hit her. The victim further testified that she sustained injuries to her face and that her eye glasses were broken during the attack.

"A person commits the offense of simple battery when he or she . . . [i]ntentionally makes physical contact of an insulting or provoking nature with the

2

person of another[.]" OCGA § 16-5-23 (a) (1). Although Sallywhite denies the charged offense, "[t]he testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8; *In the Interest of E. R.*, 279 Ga. App. 423, 424 (631 SE2d 458) (2006). In this case, the victim's testimony describing the physical attack and identifying Sallywhite as one of the attackers authorized Sallywhite's conviction for simple battery. See OCGA § 16-5-23 (a) (1); *In the Interest of E. R.*, supra, 279 Ga. App. at 424.

Sallywhite's contention that her conviction was against the weight of the evidence is unavailing at this posture. It is true that

> OCGA § 5-5-21 authorizes the trial court to grant a new trial "where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." This "general ground" addresses itself to the trial court's sole discretion and allows the trial judge to sit as a thirteenth juror and weigh the evidence to determine whether to grant a new trial.

(Punctuation omitted.) *Delgiudice v. State*, 308 Ga. App. 397, 398 (1), n. 1 (707 SE2d 603) (2011). The power to grant a new trial under OCGA § 5-5-21 rests with the trial court alone. See *Celestin v. State*, 296 Ga. App. 727 (1) (675 SE2d 480) (2009). Notably, the same trial judge who served as the trier of fact and found Sallywhite

guilty at the bench trial also reviewed and denied Sallywhite's motion for new trial on this ground. Unlike the trial court, "[t]his Court does not have the authority to grant a new trial when the evidence preponderates heavily against the verdict. Our review is limited to determining, as a matter of law, whether the record contains sufficient evidence to support the verdict." (Punctuation and footnotes omitted.) *Celestin*, supra, 296 Ga. App. at 727 (1); see also *Drake v. State*, 241 Ga. 583, 585 (1) (247 SE2d 57) (1978) (an appellate court does not have the discretion to grant a new trial based upon the weight of the evidence). As previously stated, the evidence in this case was sufficient to support Sallywhite's conviction.

*Judgment affirmed. Mikell, P. J., and Ray, J., concur.*