**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 27, 2016**

# In the Court of Appeals of Georgia

A16A1593. CARTER v. THE STATE.                    JE-053C

PER CURIAM.

A Clayton County jury found Ishmael Carter guilty of armed robbery, aggravated assault with intent to rob, and aggravated assault with a deadly weapon.[1] Carter appeals from the denial of his motion for a new trial, raising the general grounds and contending that his trial counsel was ineffective. Finding no reversible error, we affirm the judgment of conviction.

Viewed in the light most favorable to the jury's verdict, see *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979), the record

---

[1] The court merged the aggravated assault charges with Carter's conviction for armed robbery. The jury found Carter not guilty of rape, aggravated assault with intent to commit rape, and three counts of possession of a weapon during the commission of a crime.

reveals the following. Carter was friends with Desmond Nixon and Julius Thomas.[2] On January 7, 2013, using Thomas's cell phone, they placed a delivery order with the China Express Restaurant. Using her employer's car, the victim drove the order to 293 Roxbury Drive, the address she had been given, but she found the house abandoned. She called Thomas's cell phone, and Carter answered and said: "I'm standing over here [behind your car.]" Carter directed the victim to pull into the driveway of the abandoned house and then he got into the car with her, ostensibly to wait for his friends to bring money to pay for the food. When Thomas emerged from behind the abandoned house, Carter got out of the car to talk to him, leaving open the passenger door. The two men then walked around to the driver's side of the car as Nixon slipped into the passenger seat next to the victim.

Nixon pointed a gun at the victim's side and demanded money. Nixon told Carter that they were going to kill the victim. Nixon took the victim's cell phone, ordered her to disrobe, and raped her in the front seat of the car. During the rape, the victim could not escape from the car because Carter was standing in front of the driver's door. Thomas took the Chinese food. After Nixon exited the car, the victim

---

[2] Thomas's and Nixon's appeals are pending before the Georgia Supreme Court. See Case Nos. S16A1520, S16A1521.

2

got dressed, and started driving to the police station. She was driving so fast that she had an accident and had to be taken to the hospital.

After the victim's cell phone was stolen, she had the number transferred to a new phone. She received phone calls from numbers that she did not recognize, asking to speak to "Smurf." Carter's nickname is "Smurf."

1. Carter asserts that the evidence is insufficient to support his convictions for armed robbery and aggravated assault because he was not personally armed, did not personally take anything from the victim, and there was no evidence of a plan to rob the victim.

Under Georgia law, a person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or immediate presence of another by use of an offensive weapon. OCGA § 16-8-41 (a). A person commits the offense of aggravated assault when he commits an assault with the intent to rob or with a deadly weapon. OCGA § 16-5-21 (b) (1), (2). Furthermore, "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (a). Whether a person is a party to a crime is a question for the jury. *Buruca v. State*, 278 Ga. App. 650, 652 (1) (629 SE2d 438) (2006).

3

> While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.

(Punctuation omitted.) *McWhorter v. State*, 198 Ga. App. 493 (1) (402 SE2d 60) (1991). Indeed, "[w]e have affirmed a conviction for armed robbery where the defendant, while present during the crime, did not verbally threaten the victim; did not hold or shoot the gun used; and claimed no advance knowledge of the crime." *Campbell v. State*, 314 Ga. App. 299, 304 (724 SE2d 24) (2012).

Here, the victim testified that Carter answered the phone when she called, directed her to park at the vacant house, and left open the car door, which allowed Nixon to enter. Carter then stood outside the victim's car, blocking her escape, while Nixon threatened her, raped her at gunpoint, and stole her cell phone. Then, after her phone was stolen, the victim received calls for Carter. Thus, Carter's conduct before, during, and after the attack was sufficient to authorize the jury to convict him of armed robbery and aggravated assault as a party to the crimes. See *Whitley v. State*, 293 Ga. App. 605, 607 (1) (667 SE2d 447) (2008) (evidence of the defendant's conduct during and before home invasion robbery, including confirming that the

4

victim was home alone and speaking to the gunman, was sufficient to authorize conviction for armed robbery and aggravated assault, among other crimes); *Lunz v. State*, 174 Ga. App. 893, 895 (1) (332 SE2d 37) (1985) (evidence that the defendants accompanied gunman to a convenience store and stood on either side of him as he held up the store and shot the clerk was sufficient to sustain convictions for armed robbery and aggravated assault). See also *Campbell*, 314 Ga. App. at 304 (evidence that the defendant accompanied accomplice to the crime scene, acted as a lookout, and shared in the proceeds was sufficient to authorize conviction for armed robbery).

2. Carter also contends that the trial court erred in denying his motion for new trial on the "general grounds." Specifically, Carter asserts that, sitting as the "thirteenth juror," the trial court should have granted Carter a new trial after the jury found him not guilty of rape because the evidence of his participation in the robbery and rape were the same. We find no error.

Under OCGA § 5-5-20, a trial court may grant a new trial if it decides that the jury's verdict is contrary to the principles of justice and equity, and under OCGA § 5-5-21, a trial court may grant a new trial if the verdict is decidedly and strongly against the weight of the evidence. "Such matters are left to the sound discretion of the trial court." (Punctuation omitted) *Rowland v. State*, 228 Ga. App. 66, 68 (2) (491

5

SE2d 119) (1997). As an appellate court, our review is limited to determining whether the evidence was sufficient as a matter of law. See *Sallywhite v. State*, 317 Ga. App. 415, 416 (731 SE2d 98) (2012). As set forth above, the victim's testimony was sufficient to establish that Carter was a party to armed robbery and aggravated assault, and the trial court did not abuse its discretion in denying Carter's motion for new trial on general grounds. See *Rowland*, 228 Ga. App. at 68 (trial court did not abuse its discretion in denying motion for new trial on general grounds where victim's testimony established defendant's guilt).

3. Carter also contends that his trial counsel rendered ineffective assistance. We disagree.

> To prevail on a claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.

*Bihlear v. State*, 295 Ga. App. 486, 488 (2) (672 SE2d 459) (2009).

(a) Carter argues that his trial counsel was ineffective in failing to file a motion to sever the charges against him from those against his co-defendants.

In addition to the crimes against the victim on January 7, 2013, Nixon and Thomas were also charged with another robbery and assault that occurred on January 22, 2013 and with a murder that occurred on January 24, 2013. At the hearing on the motion for new trial, trial counsel testified that she decided not to seek a severance for strategic reasons, so that she could paint Carter's co-defendants as more culpable and argue that Carter was merely present during their commission of the crimes on January 7. Trial counsel discussed this strategy with Carter.

"As a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Punctuation omitted.) *Lott v. State*, 303 Ga. App. 775, 783 (3) (694 SE2d 698) (2010). Where trial counsel does not file a motion to sever because counsel believes the jury will find the co-defendant or co-defendants more culpable, that is a matter of reasonable trial strategy, and it does not constitute deficient performance. See *Jackson v. State*, 281 Ga. 705, 707 (6) (642 SE2d 656) (2007); *Lott*, 303 Ga. App. at 784 (3). Accordingly, trial court was not ineffective in this regard.

(b) Carter also asserts that trial counsel was ineffective in failing to request a directed verdict because the evidence was insufficient. However, where, as here, the evidence is sufficient to support the jury's verdict, the failure to make a meritless

motion for directed verdict is not ineffective assistance as a matter of law. See

*Hendrix v. State*, 328 Ga. App. 819, 821 (2) (a) (762 SE2d 820) (2014).

Consequently, this claim of error also lacks merit.

*Judgment affirmed. Division Per Curiam. All Judges concur*.