## S00A0886. HOLIDAY v. THE STATE.
(534 SE2d 411)

FLETCHER, Presiding Justice.

A jury convicted Demetrius Doc Holiday of the murder and armed robbery of Janet Freeman and the armed robbery of Patricia Brubaker.[1] Holiday urges this Court to overrule our decision in *Gibbons v. State*[2] that prior inconsistent statements are admissible as substantive evidence or place restrictions on their use. Because we continue to believe that the search for truth at trial is aided by the admission of a witness's prior inconsistent statement as substantive evidence, we follow the rule in *Gibbons* and affirm.

1. The evidence presented at trial shows that two men wearing masks fired a bullet and knocked out the glass in a door of a Flash Foods convenience store in Valdosta on August 26, 1993. One man took money out of the cash register while the other man pointed a sawed-off rifle at Patricia Brubaker, the store manager. A video camera recorded the robbery, and the videotape was showed to the jury. A .22 caliber shell casing was found at the scene.

Two nights later, Janet Freeman was shot in the head while working at another Flash Foods store in Valdosta. Three shell casings found near her body were fired from the same weapon that was used during the robbery of Brubaker. Freeman's blue denim handbag was located six months later on top of the roof of a construction company that backed up to the house where Holiday lived. Two months after its discovery, Holiday called a police detective and asked how the pocketbook was found behind his house. He subsequently told

---

[1] The armed robbery of Patricia Brubaker occurred on August 26, 1993, and the armed robbery and murder of Janet Freeman occurred on August 28, 1993. Holiday was indicted on May 31, 1994. A jury found Holiday guilty on March 26, 1999, and the trial court sentenced him on April 30, 1999, to three terms of life imprisonment for murder and armed robbery, twenty years imprisonment for burglary, and five years imprisonment for each possession count. Holiday filed a notice of appeal that day, the case was docketed in the clerk's office on February 15, 2000, and oral arguments were held on May 9, 2000.

[2] 248 Ga. 858 (286 SE2d 717) (1982).

police that he knew who killed Freeman, he was not with suspect Jermaine Bryant that night, and he wanted to wear a wire to get Bryant to talk. At trial, Torris Williams testified that Holiday told her in a telephone conversation that he had robbed a minit market store going toward Quitman where a white woman was working and that the robbery occurred on the same night that the woman was killed. Two other witnesses, Valencia Johnson and April Mitchell, testified based on prior inconsistent statements that Holiday and Bryant left Johnson's apartment together in Bryant's car and returned with a blue jean pocketbook; they heard Bryant say that the lady was trying to resist so he shot her.

After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Holiday guilty of the crimes charged.[3]

2. In *Gibbons v. State*, this Court held that a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible both to impeach the witness and as substantive evidence. Our rationale was that the rule would increase the criminal justice system's ability to discover the truth by protecting the state and defendant from erratic and unpredictable witnesses and attempts to influence witnesses and by protecting witnesses from improper attempts to influence them.

Although Holiday asks this Court to adopt the federal rule and allow prior inconsistent statements to be admitted as substantive evidence only if given under oath,[4] we decline to follow that rule and instead adhere to the modern state rule.[5] As we noted in *Gibbons*, the "oath is not as strong a guaranty of truth as once it may have been" and the prior inconsistent statement is admissible only if the out-of-court declarant testifies at trial and thus is subject to cross-examination.[6] The availability of cross-examination "assures a meaningful opportunity for the trier of fact . . . to bear his or her sensory observations, experience, common sense and logic upon the witness to assess credibility and to determine the truth and accuracy of both the out-of-court declarations and the in-court testimony."[7] Moreover, prior statements are made closer in time to the event when memories are fresher and when there is "less likelihood that the statement is the product of corruption, false suggestion, intimidation or appeals to

---

[3] *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] See Fed. R. Evid. 801 (d).
[5] See generally Andrea G. Nadel, Annotation, *Use or Admissibility of Prior Inconsistent Statements of Witness as Substantive Evidence of Facts to Which They Relate in Criminal Case — Modern State Cases*, 30 A.L.R.4TH 414 (1984).
[6] See *Gibbons*, 248 Ga. at 863.
[7] *Commonwealth v. Brady*, 507 A2d 66, 69 (Pa. 1986).

sympathy."[8] Although the better practice would be to introduce a video or audio recording of any prior statement,[9] a recording is not required if the statement is shown to be given under reliable circumstances.

In this case, three prior inconsistent statements were admitted for impeachment and as substantive evidence after Williams, Johnson, and Mitchell, all friends of the defendant, recanted their statements at trial. They testified that police had pressured them into making the statements; they also denied or could not remember giving specific details to police about what they saw and heard on the night that Freeman was killed. Johnson had written her statement in longhand, she and Mitchell signed their statements, and Williams testified that she remembered giving the statement to police and it refreshed her memory. Since these facts support that the statements were voluntary and given under reliable circumstances, the witnesses testified at trial and were subjected to cross-examination, and the jury was able to hear their explanations and assess their credibility, the trial court properly admitted the statements as substantive evidence to prove the truth of the matters asserted in them.

3. Holiday contends that the trial court should have permitted him to question a police detective about a chart showing the similarities between Freeman's murder and an earlier murder for which Bryant was convicted.[10] Although a defendant is entitled to introduce relevant and admissible evidence tending to show that another person committed the crime, the proffered evidence must raise a reasonable inference of the defendant's innocence.[11] Here, the trial court did not abuse its discretion in limiting Holiday's cross-examination about the similarities chart since the jury could not infer that he was innocent of being a party to the murder of Freeman based on evidence that Bryant had committed a similar, unrelated murder three months earlier.

4. We similarly reject Holiday's remaining allegations of error. The trial court did not abuse its discretion in denying the motion to sever the three counts concerning the armed robbery of Brubaker from the four counts concerning the armed robbery and murder of Freeman two days later,[12] denying Holiday's demurrer based on his claim that his conviction for possession of a firearm during the commission of a crime violated double jeopardy,[13] or denying his motion

---

[8] *State v. Whelan*, 513 A2d 86, 91 (Conn. 1986).
[9] See *Griffin v. State*, 251 Ga. 431 (306 SE2d 283) (1983).
[10] See *Bryant v. State*, 268 Ga. 616 (491 SE2d 320) (1997).
[11] See *Klinect v. State*, 269 Ga. 570, 573 (501 SE2d 810) (1998).
[12] See *Cromartie v. State*, 270 Ga. 780, 783 (514 SE2d 205) (1999).
[13] See *Wiley v. State*, 250 Ga. 343, 351 (296 SE2d 714) (1982).

for mistrial and giving a curative instruction based on the prosecutor's question concerning the believability of another witness. In addition, the trial court properly admitted the statement of Bryant as Holiday's co-conspirator,[14] allowed Williams to refresh her memory by reviewing a detective's notes of her statement to him,[15] and allowed questioning of a detective concerning his elimination of other possible suspects, an issue that Holiday raised during his initial cross-examination of the witness.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 11, 2000 —
RECONSIDERATION DENIED SEPTEMBER 29, 2000.

*Dodd & Dennis, Roger J. Dodd, Sam D. Dennis,* for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, J. Bennett Threlkeld, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Bradfield M. Shealy, Sr., Assistant Attorney General,* for appellee.

---

[14] See *Duffy v. State*, 262 Ga. 249, 250-251 (416 SE2d 734) (1992).
[15] See OCGA § 24-9-69.
[1] 407 U.S. 514 (92 SC 2182, 33 LE2d 101) (1972).