## S11A0839. TAYLOR v. THE STATE.
### (719 SE2d 417)

HUNSTEIN, Chief Justice.

Appellant Nathaniel Taylor appeals his conviction of malice murder, felony murder, and aggravated assault for the shooting death of Lewis Anthony West on October 21, 2005.[1] The trial court denied appellant's motion for a new trial and he appeals, challenging only the effectiveness of his trial counsel.

1. Viewed in the light most favorable to the verdict, the evidence presented at trial showed that approximately one to two weeks before West's death, West and appellant (also known as "Reddy B") got into an argument because appellant believed West had stolen some marijuana from him. Several of appellant's friends advised appellant to let it go rather than retaliate. Appellant ignored his friends' advice and told one friend he planned to "burn" West.[2]

On the afternoon of October 21, 2005, two men accosted West in an open field between Jackson Street and Dervan Street in Albany. One of the men fired two to three shots, hitting West in the lower

---

[1] The crimes occurred on October 21, 2005. Appellant Nathaniel Taylor was indicted in Dougherty County on charges of malice murder, felony murder, and aggravated assault. He was found guilty on all three charges and sentenced to life in prison for the malice murder charge. The remaining charges were merged or vacated by operation of law. His motion for new trial, filed February 2, 2009 and amended February 15, 2010, was denied January 12, 2011. A notice of appeal was filed January 14, 2011. The appeal was docketed for the April term in this Court and was orally argued on May 16, 2011.

[2] Both of the witnesses that provided accounts of the alleged drug theft and subsequent argument recanted their testimony at trial. First, Purchetta Weston, a friend of appellant, originally told police that appellant said he was going to "burn" West. Weston testified at trial that she did not remember making that statement, so counsel for the State played an audio tape of her prior inconsistent statement to the jury. Courtney Bailey, another friend of appellant, disclaimed his pre-trial statement that West had robbed appellant and appellant "couldn't let it go," claiming that he was intoxicated at the time of the interview, that he had been pressured by police, and that he and appellant were just joking about a drug theft. Despite their contradictory statements during the trial, the jury was entitled to rely upon both witnesses' prior inconsistent statements as substantive evidence. *Holiday v. State,* 272 Ga. 779 (534 SE2d 411) (2000); *Griffin v. State,* 262 Ga. App. 87 (585 SE2d 145) (2003).

abdomen. The assailants fled. Two witnesses heard the shots and saw the fleeing men, though neither was able to positively identify appellant. West collapsed in the yard of Alice Robinson, who was sitting on her porch. At West's request, Robinson called 9-1-1 and talked with West for several minutes before police arrived. Robinson asked West who shot him, and he replied "Freddy B." When Officer Jason Burton arrived on the scene, West repeated that "Freddy B" had shot him. West was transported to the hospital by ambulance, but died of his wounds on the operating table.

Later that same day, appellant called his friend, Purchetta Weston, to ask for a ride. Purchetta and her sister, Yolanda Weston, picked up appellant and took him to several locations, including his home, where he retrieved a travel bag. At appellant's request, Yolanda agreed to give him a ride to Atlanta that evening. During a phone call to Purchetta after he had arrived in Atlanta, appellant told Purchetta he had shot someone and asked if the victim was dead. Purchetta told him that West had died.[3]

While appellant was incarcerated at the Dougherty County jail awaiting trial, federal prisoner, Richard Bynes, overheard appellant confess that he killed West because West had robbed him of some drugs.[4] Bynes also heard appellant describing the details of the shooting and his subsequent trip to Atlanta.

The evidence in this case was sufficient for the jury to conclude beyond a reasonable doubt that appellant was guilty of West's murder. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his sole enumeration of error, appellant contends he received ineffective assistance of counsel based on counsel's failure to request a jury instruction on the State's burden of proof in a case based on circumstantial evidence. He argues that since the only direct evidence offered at trial was the testimony of a prisoner, who believed his sentence could be reduced by half in exchange for his testimony, appellant's trial counsel should have requested a jury charge regarding the State's burden of proof in a purely circumstantial case.

Georgia courts recognize a strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. *Robinson v. State,* 277 Ga. 75, 76 (586 SE2d 313) (2003). In order

---

[3] Although Purchetta Weston recanted the details of this telephone call during trial, the jury was allowed to hear and rely upon her prior inconsistent statement to police describing the nature of the telephone call. *Holiday,* supra, 272 Ga. at 781 (2).

[4] In exchange for this testimony, Bynes testified that the District Attorney agreed to make a recommendation to federal authorities on Bynes' behalf, which Bynes believed could have the effect of reducing his federal sentence by half.

to overcome this presumption, appellant must establish not only that trial counsel's performance was deficient, but he must also show that the deficiency so prejudiced the defense that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

Even assuming that trial counsel should have requested a jury charge on circumstantial evidence, his failure to do so did not result in any prejudice. Here, the trial court instructed the jury regarding the difference between direct and circumstantial evidence. The trial court also provided the jury with proper instructions regarding the witness credibility and witness impeachment. Considering the jury instructions as a whole, and given the direct evidence adduced at trial (even if impeached), we find that appellant failed to show a reasonable likelihood that but for his trial counsel's alleged error, the result would have been different. Since the second prong of the *Strickland* test has not been satisfied, appellant's claim of ineffective assistance must fail.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 17, 2011 —
RECONSIDERATION DENIED DECEMBER 8, 2011.

*Kevin C. Armstrong*, for appellant.

*Gregory W. Edwards, District Attorney, Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.