FINAL COPY
294 Ga. 501


S13A1349.  JONES v. THE STATE.


NAHMIAS, Justice.

Appellant Dexter Jones, who was convicted of felony murder and other crimes in connection with the shooting death of Kenny Johnson, appeals the trial court's denial of his motion for new trial.  In his only enumeration of error, Appellant contends that his trial counsel provided ineffective assistance by failing to emphasize certain testimony from the State's crime scene investigator in support of a claim of self-defense.  We affirm.[1]

1.  Viewed in the light most favorable to the verdict, the evidence presented at trial showed the following.  On December 19, 2010, Appellant

---

[1] The crimes occurred on December 19, 2010.  On June 13, 2012, a McDuffie County grand jury indicted Appellant, Calvin Curtis, and Jatheus Bennett for malice murder, felony murder based on armed robbery, felony murder based on aggravated assault, armed robbery, aggravated assault, and three counts of possession of a firearm during the commission of a crime.  After a bench trial held on June 28-29, 2012, the trial court acquitted Appellant of malice murder but found him guilty of the remaining charges.  The court sentenced Appellant to serve life in prison for the felony murder based on aggravated assault, ten concurrent years for armed robbery, and five consecutive years for possession of a firearm during the commission of murder; the other guilty verdicts merged.  On July 19, 2012, Appellant's trial counsel filed a motion for new trial, which was amended by new counsel on March 18, 2013.  After a hearing on March 27, the trial court denied the motion on April 1, 2013.  Appellant filed a timely notice of appeal, and the case was docketed in this Court for the September 2013 term and submitted for decision on the briefs.

contacted his cousin Calvin Curtis about buying some marijuana. Curtis passed along the request to his cousin Jatheus Bennett, who arranged for Appellant to buy the marijuana from Johnson. That night, Appellant drove Curtis and Bennett to meet Johnson. Johnson arrived on an ATV, carrying a bag of marijuana. During the transaction, Appellant questioned the weight of the marijuana and asked Johnson for a scale. Johnson offered to retrieve a scale that he had at his house and began to walk toward his ATV, putting his hands into the pocket of his sweatshirt. Appellant then pulled out a gun and fired several shots at Johnson, continuing to fire even after Johnson fell backward; two shots hit Johnson in the chest. Appellant, Curtis, and Bennett then fled the scene, taking the marijuana. Johnson was taken to the hospital, where he died during surgery.

A registration form for Augusta Technical College in Appellant's name and dated December 17, 2010 was found at the crime scene. Tire tread impressions at the scene were similar to those on the car Appellant was driving on the night of the shooting, and two 9mm casings found at the scene had been fired from the same gun as a 9mm casing found in the windshield wiper well of the car. At trial, co-indictees Curtis and Bennett, who had pled guilty, testified

2

for the State and identified Appellant as the shooter. They also testified that, as Appellant drove to the meeting with Johnson, he displayed a gun and said that he was thinking about robbing, shooting, or pistol-whipping Johnson. They added that there was no physical fight between Appellant and Johnson during the transaction and they did not see Johnson with a weapon.

When viewed in the light most favorable to the verdict, the evidence presented at trial and summarized above was sufficient to authorize a rational jury to find Appellant guilty beyond a reasonable doubt of the crimes for which he was convicted and sentenced. See Jackson v. Virginia, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979). See also Vega v. State, 285 Ga. 32, 33 (673 SE2d 223) (2009) ("'It was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence.'" (citation omitted)).

2. Appellant claims that his trial counsel provided ineffective assistance by failing to emphasize, in support of an argument that the shooting was justified by self-defense, testimony from the State's specialist in crime scene investigation that there were indications of a struggle at the crime scene.

Appellant's amended motion for new trial, however, included as an enumeration of error only, "Defendant's [trial] counsel was ineffective and if not for Defendant's ineffective assistance of counsel he could not have been found guilty at trial," with no additional detail or argument. At the hearing on the motion, trial counsel was not questioned on his current claim, only on other areas of allegedly deficient performance, and appellate counsel presented no argument about a potential self-defense justification or the investigator's testimony. Not surprisingly, the trial court's order says nothing about this claim. Because Appellant did not raise this claim in his motion for new trial or at the hearing and did not obtain a ruling on it from the trial court, he clearly did not preserve it for review on appeal. See Tompkins v. Hall, 291 Ga. 224, 226 (728 SE2d 621) (2012) (holding that the defendant waived review of ineffective assistance claims when his motion for new trial contained only "a blank claim with absolutely no specificity"); Simmons v. State, 281 Ga. 437, 438 (637 SE2d 709) (2006) (holding that the defendant waived his ineffective assistance of trial counsel claim where appellate counsel did not raise the claim in the amended motion for new trial or address the issue at the motion for new trial hearing).

In any event, Appellant's claim is meritless. To prevail on a claim of

4

ineffective assistance of trial counsel, Appellant must show both that his counsel provided deficient performance and that, but for that unprofessional performance, there is a reasonable probability that the outcome of the proceeding would have been different. See Strickland v. Washington, 466 U. S. 668, 687, 694 (104 SCt 2052, 80 LE2d 674) (1984); Long v. State, 287 Ga. 886, 891 (700 SE2d 399) (2010). "A strong presumption exists that counsel's conduct falls within the broad range of professional conduct." Crowder v. State, 294 Ga. 167, 169 (751 SE2d 334) (2013). Thus, to prove deficient performance, Appellant must show that his lawyer performed at trial in an objectively unreasonable way, considering all the circumstances and in the light of prevailing professional norms. See Strickland, 466 U. S. at 687-688.

On cross-examination at trial, the crime scene investigator said, "It looked like whatever caused the disturbance [at the scene] went over several feet, and it looked like the remnants of a fight." In her closing argument, Appellant's trial counsel briefly mentioned the possibility of self-defense, but she did not mention that bit of testimony. Instead, her closing argument focused on emphasizing the absence of physical evidence linking Appellant to the crimes, challenging the credibility of Curtis and Bennett, and highlighting Appellant's

good character. At the motion for new trial hearing, trial counsel explained that she and Appellant had agreed to focus on his character at trial to try to show that he was the least likely of the three co-indictees to plan a robbery and shoot the victim.

Moreover, if Appellant had asserted a claim of self-defense, the trial court properly would have instructed the jury that deadly force is not justified when used by someone "attempting to commit, committing, or fleeing after the commission . . . of a felony . . . or [who] was the aggressor." OCGA § 16-3-21 (b) (2), (3). Thus, regardless of whether the co-indictees met with the victim to buy drugs or to rob him, a justification defense likely would have been precluded. See Smith v. State, 290 Ga. 768, 771-772 (723 SE2d 915) (2012) (concluding that the trial court correctly instructed the jury on OCGA § 16-3-21 (b) when the defendant killed the victim during a felony drug deal, even though defendant claimed that he acted in self-defense because the victim pulled a gun during the transaction). In light of the relevant law and the evidence, which included the testimony of both Curtis and Bennett that they did not see Appellant and the victim fight or the victim with a weapon, we cannot say that

trial counsel acted unreasonably in not emphasizing the investigator's testimony in support of a theory of self-defense, or that the alleged deficiency caused Appellant prejudice.

Judgment affirmed.  All the Justices concur.

Decided February 24, 2014.

Murder. McDuffie Superior Court. Before Judge Dunaway.

W. Pittman Morris, for appellant.

Dennis C. Sanders, District Attorney, Durwood R. Davis, Kevin R. Majeska, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ryan A. Kolb, Assistant Attorney General, for appellee.