296 Ga. 728
FINAL COPY

S14A1658. COOPER v. THE STATE.

THOMPSON, Chief Justice.

Appellant Reginald Cooper was found guilty of malice murder, felony murder, aggravated assault, and two counts of possession of a knife during the commission of a crime in connection with the death of Kelvin Lindsey.[1]  He appeals his convictions and the trial court's denial of his motion for new trial in which he challenged the sufficiency of the evidence, alleged he received ineffective assistance of counsel at trial and asserted the State made an improper closing argument.  For the reasons that follow, we affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence

---

[1] The crimes occurred on May 13, 2005.  Appellant was indicted by a Dougherty County grand jury on January 31, 2007, on charges of malice murder, felony murder, aggravated assault and possession of a knife during the commission of a crime (two counts).  Following a jury trial from July 16-18, 2007, appellant was found guilty on July 18, 2007, of malice murder, felony murder, aggravated assault and both counts of possession of a knife during the commission of a crime.  That same day appellant was sentenced to life for the malice murder conviction, five years consecutive for one count of possession of a knife during the commission of a crime and five years concurrent for the second count of possession of a knife during the commission of a crime.  The felony murder count was vacated by operation of law, and the aggravated assault count was merged with the malice murder count for sentencing.  See Malcolm v. State, 263 Ga. 369 (434 SE2d 479) (1993).  Appellant filed a premature notice of appeal directed to this Court on August 10, 2007 and a motion for new trial on August 16, 2007.  Although a hearing on appellant's new trial motion was held June 3, 2009, the trial court's order denying relief was not entered until May 14, 2014.  Appellant filed a second notice of appeal on May 21, 2014, and the appeal was docketed in this Court for the September 2014 term and submitted for a decision on the briefs.

shows that appellant agreed to meet the victim early on the morning of May 13, 2005. After picking up a friend, Angela Peterman, appellant drove his Ford Explorer to meet the victim. With Peterman in the car, appellant agreed to drive the victim to the victim's brother's house. During the ride, appellant became angry when the victim repeatedly asked him for money. Upon their arrival at the brother's apartment complex, the victim refused to get out of appellant's car. Appellant then exited the vehicle which prompted the victim to also get out, and the two men began arguing. According to Peterman, this argument turned into a physical altercation after the victim hit appellant, and she heard the two men begin fighting behind the car.

When appellant got back inside the car, Peterman noticed blood on appellant's shirt and hands. She also saw appellant holding what she thought was a knife. Appellant complained to Peterman about the victim and the altercation, stating "I can't believe that n - - - - just tried me," and telling her "I know that I got him about ten times." The victim's autopsy report revealed that the victim had been stabbed and cut numerous times, and his blood was found on the ground where the two men had been fighting. After dropping Peterman off at the home of a mutual friend, appellant went home, returning later in a

2

different car and wearing a clean shirt. Subsequently, appellant told Peterman not to mention the night's events to anyone.

Appellant contends that the evidence against him was entirely circumstantial and that the State failed to eliminate every reasonable hypothesis other than his guilt. To warrant a conviction on circumstantial evidence, the evidence must be sufficient to exclude all reasonable hypotheses save for the guilt of the accused. See Faniel v. State, 291 Ga. 559, 561 (731 SE2d 750) (2012).

It is the province of the jury, not this Court, to determine the credibility of the witnesses, to resolve any conflicts or inconsistencies in the evidence, and where appropriate, to determine whether the evidence excluded every other reasonable hypothesis save that of guilt. See Harvey v. State, 292 Ga. 792, 793 (741 SE2d 625) (2013); Faniel v. State, supra, 291 Ga. at 561. Here, the evidence adduced at trial was not wholly circumstantial, but even if it was, we conclude the evidence was sufficient to authorize a rational trier of fact to have found appellant guilty of the victim's murder beyond a reasonable doubt, see Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), and to have found beyond a reasonable doubt that the evidence excluded every other

reasonable hypothesis except that of appellant's guilt.

2. Appellant next argues his trial counsel was ineffective for not presenting a defense based on circumstantial evidence and for not requesting a jury charge regarding the State's burden of proof in a purely circumstantial case. These arguments lack merit.

To prevail on his ineffective assistance of counsel claim, appellant must show both that his trial counsel's performance was deficient and that the deficient performance was prejudicial to his defense. See Strickland v. Washington, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984); Smith v. Francis, 253 Ga. 782, 783 (325 SE2d 362) (1985). "'A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.' [Cit.]" Jones v. State, 294 Ga. 501, 503 (755 SE2d 131) (2014). In order to overcome this presumption, appellant must show that his counsel "performed at trial in an objectively unreasonable way, considering all the circumstances and in the light of prevailing professional norms." Id.

In this case, appellant's trial counsel chose to focus her attention on a justification defense. Given the ample evidence presented at trial that appellant fought with and stabbed the victim, appellant cannot show that this choice of

defense was unreasonable. Moreover, appellant did not call trial counsel to testify at the motion for new trial hearing regarding the decisions she made at trial with respect to her theory of defense. In the absence of such testimony and evidence to the contrary, counsel's decisions are presumed to be strategic and thus insufficient to support an ineffective assistance of counsel claim. See Porter v. State, 292 Ga. 292, 294 (736 SE2d 409) (2013). Nor can appellant show he was prejudiced by trial counsel's failure to request a jury charge on circumstantial evidence as it is clear from the record that the jury received proper instructions on circumstantial evidence from the trial court. See Taylor v. State, 290 Ga. 245, 246 (2) (719 SE2d 417) (2011).

3. Finally, appellant alleges prosecutorial misconduct claiming that in closing argument the State improperly introduced facts not in evidence when it argued appellant killed the victim over twenty dollars and stated that appellant "more or less pulled [the victim] out [of the car]." Appellant, however, did not object to any statements made by the State in its closing argument and thus has failed to preserve this issue for appeal. See Scott v. State, 290 Ga. 883, 885 (2) (725 SE2d 305) (2012) ("In the appeal of a non-capital case, 'the defendant's failure to object to the State's closing argument waives his right to rely on the

5

alleged impropriety of that argument as a basis for reversal.' [Cit.]").  Further, the testimony at trial reveals both that the victim angered appellant by asking for twenty dollars and that appellant got out of his car to make sure that the victim got out.  We find that the prosecutor's argument was not improper as the complained of comments were based on permissible inferences and legitimately supported by the facts in evidence.  See Davis v. State, 285  Ga. 343, 347 (7) (676 SE2d 215) (2009) (prosecutors have wide latitude in conducting closing argument and are authorized to draw inferences and make deductions from the evidence presented).  Accordingly, trial counsel's failure to make a meritless objection to the State's closing argument is not evidence of ineffective assistance.  See Scott v. State, supra, 290 Ga. at 889 (7) (a).

Judgment affirmed.  All the Justices concur.


Decided March 16, 2015.

Murder. Dougherty Superior Court. Before Judge Lockette.

Phil Cannon, for appellant.

Gregory W. Edwards, District Attorney, Kathryn O. Fallin, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway

Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General, for appellee.