**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 12, 2016**

# In the Court of Appeals of Georgia

A15A2300. HOLLOWAY v. THE KROGER COMPANY.

PHIPPS, Presiding Judge.

Mildred Anne Holloway sued The Kroger Company ("Kroger") for injuries sustained when she fell at a Kroger grocery store. Following trial, the jury returned a defense verdict. Holloway appeals, asserting that Kroger's counsel made inappropriate statements during closing argument and that the trial court failed to properly instruct the jury. We affirm.

Construed favorably to the jury's verdict,[1] the evidence shows that Holloway entered the grocery store on a rainy day on February 5, 2010. As she reached for a shopping cart in the store foyer, she slipped and fell, landing on her back. The store

---

[1] See *Fuller v. Flash Foods*, 298 Ga. App. 217 (679 SE2d 775) (2009) (on appeal from a jury's verdict, we construe the evidence with every presumption and inference in favor of upholding the verdict).

manager who responded to the scene noticed that water had dripped onto the floor from the shopping carts, and Holloway testified that the floor was "slippery" and "shiny." According to the manager, Kroger's "rainy day measures" were in place and being followed at the time. A "greeter" was stationed in the foyer to keep the area clean, and several "wet floor" caution signs were located near the entrance. Kroger employees had also placed mats in the foyer to help keep the area dry, although no mats were next to the shopping carts where Holloway fell. The manager further testified that Kroger had installed special, slip-resistant flooring in the foyer.

Holloway brought suit, alleging that Kroger negligently failed to exercise ordinary care to keep its premises and approaches safe. The jury rejected Holloway's negligence claim, and this appeal followed.

1. Holloway asserts that she is entitled to a new trial because defense counsel made two inappropriate statements during closing argument. We disagree.

(a) Holloway first complains about the following portion of defense counsel's argument:

This is [Holloway's] one day in court. It's her opportunity to come before you and prove her case. And I guarantee you if those [safety] measures that were in place on February 5th of 2010 and being followed were not ordinary care, were not ordinary care, you would have heard

2

from some witness in that chair, some safety expert who would have come in, somebody like Mr. Carlisle who was Juror No. 12 who has a risk management firm who goes around and advises companies on what they can do to reduce risk. He said, yeah, one of the things we do is we talk about people falling and ways to prevent that. You would have heard from him or someone like him about what Kroger should have done on a rainy day, but you didn't. You didn't.

According to Holloway, this argument improperly encouraged the jury to rely on Juror No. 12 – "one of their number" – for expert testimony in resolving the case. It is true that "what occur[s] during voir dire is not evidence and therefore should not be raised in closing argument."[2] Defense counsel's reference to Juror No. 12's voir dire responses, therefore, was improper. Holloway, however, did not object to this portion of the argument. And absent an objection, "the standard for reversible error is 'whether the improper argument in reasonable probability changed the result of the trial.'"[3]

---

[2] *Joseph v. State*, 231 Ga. App. 399, 403 (2) (498 SE2d 808) (1998) (citation omitted).

[3] *Stolte v. Fagan*, 291 Ga. 477, 483 (2) (b) (731 SE2d 653) (2012) (citation omitted).

The record does not contain a transcript of the jury selection proceedings or evidence as to who was chosen to serve on the panel. But Kroger asserts, and Holloway does not dispute, that Juror No. 12 was stricken from the panel during voir dire. Defense counsel, therefore, did not ask jurors to rely on a panel member for expert assistance. Instead, he discussed the occupation of a person who apparently never made it past voir dire. Holloway has not shown that such discussion impacted the trial result.[4]

Alternatively, Holloway claims that defense counsel should not have suggested that expert testimony on ordinary care, the ultimate issue in the case, would have been admissible. It is well established, however, "that an expert witness may testify even as to the ultimate issue of fact where the inferences to be drawn from the evidence are beyond the ken of jurors."[5] Depending on the content of the testimony, the trial court might have admitted expert evidence regarding the reasonableness of Kroger's safety

---

[4] See *All Fleet Refinishing v. West Ga. Nat. Bank*, 280 Ga. App. 676, 681 (4) (a) (634 SE2d 802) (2006) (appellant bears burden of showing error affirmatively in the record).

[5] *Fouts v. Builders Transport*, 222 Ga. App. 568, 576 (3) (474 SE2d 746) (1996) (citation omitted).

measures.[6] Moreover, counsel's argument "merely stated what was already clear to the jury, i.e., that no expert testified for [Holloway]."[7] Under these circumstances, Holloway cannot demonstrate that counsel's comments – even if inappropriate – altered the verdict.[8]

(b) Next, Holloway argues that defense counsel improperly referenced several photographs that her daughter, Denae, took at the scene, but that were not admitted into evidence. Specifically, counsel stated: "[Denae] was there the whole time with her cell phone snapping pictures [and] there were four pictures." At that point, the trial court interjected: "Put [the pictures] down. . . . They're not in evidence. Put them down." When counsel explained that he did not intend to show the pictures to the

---

[6] We recognize that the trial court might have ruled such expert testimony inadmissible. See *Hayward v. Kroger Co.*, 317 Ga. App. 795, 797 (1) (b) (733 SE2d 7) (2012) (trial court properly excluded affidavit of risk management expert because testimony was not necessary for jury to determine whether store's rainy-day safety procedures were sufficient). But we cannot conclude that expert testimony about the procedures and/or flooring here would have been inadmissible as a matter of law.

[7] *Vega v. La Movida*, 294 Ga. App. 311, 317 (3) (670 SE2d 116) (2008) (punctuation and footnote omitted).

[8] See id. (defense counsel's argument regarding plaintiff's failure to present expert testimony on sufficiency of security measures was "not so abominably inflammatory and prejudicial as to call for a mistrial") (punctuation and footnotes omitted).

5

jury, the trial court responded: "No, you're not; and you will disregard that because it wasn't in evidence. If you make another comment, we're going to have a problem." Defense counsel then moved on to a different argument.

The record shows that Holloway's other daughter, Diandra, testified without objection that her sister took pictures of the scene with a cell phone. Although the photographs were not admitted at trial, the evidence supported counsel's argument that they *existed*. This argument, therefore, was proper.[9] And once the trial judge became concerned that counsel might display the photographs to the jury, she immediately stepped in, told the jury to disregard the photos, and instructed counsel to move on to a different topic. Holloway did not object to defense counsel's argument or ask the trial court for further relief, and counsel complied with the trial court's instruction. Given the judge's admonition to the jury, her specific instruction that counsel move on, and the fact that counsel never actually displayed the photos to the jury, we find no reasonable probability that any impropriety in counsel's argument affected the verdict.[10]

_____

[9] See *Cooper v. State*, 296 Ga. 728, 731 (3) (770 SE2d 597) (2015) (closing argument proper when based on legitimate inferences supported by facts in evidence).

[10] See *Young v. Griffin*, 329 Ga. App. 413, 416-417 (2) (765 SE2d 625) (2014) (no reasonable probability that improper argument impacted result, given trial court's

2. Holloway claims that the trial court erred by failing to instruct the jury that argument of counsel does not constitute evidence. The record shows, however, that Holloway raised no objection to the court's instructions. Under these circumstances, reversal results only "where there has been a substantial error in the charge which was harmful as a matter of law."[11] A charge is harmful as a matter of law if "it raises the question of whether the losing party has, to some extent at least, been deprived of a fair trial because of it, or a gross injustice is about to result or has resulted directly attributable to the alleged errors."[12]

We find no harmful error here. During a preliminary charge at the beginning of trial, the court informed jurors about trial procedures, including closing arguments. The court stated: "After the charge conference, the parties get to talk to you again in what is called closing argument. Just like an opening statement, closing argument is not evidence. . . . What they say isn't evidence." The judge did not reiterate this

instructions and trial evidence); *Pulte Home Corp. v. Simerly*, 322 Ga. App. 699, 704 (2) (746 SE2d 173) (2013) (improper argument did not affect result in light of evidence and counsel's clarifying comments).

[11] OCGA § 5-5-24 (c); see also *Shilliday v. Dunaway*, 220 Ga. App. 406, 411 (8) (469 SE2d 485) (1996) (discussing OCGA § 5-5-24 (c)).

[12] *Shilliday*, supra (citation and punctuation omitted).

principle in the final jury charge. But she thoroughly discussed the concept of evidence during the final charge, noting that it "includes all the testimony of the witnesses and the exhibits admitted during the trial." She explained that evidence may be direct, circumstantial, or both, and she outlined the difference between the types of evidence. She also stated that evidence "does not include the questions asked by the lawyers or any objections or any of the court's statements or comments."

Preliminary instructions given before the presentation of evidence generally "cannot serve as a substitute for complete jury instructions required . . . after closing arguments are completed."[13] In analyzing the potential *harm* caused by an erroneous jury charge, however, our Supreme Court has considered whether language in a preliminary charge mitigated any prejudice.[14] Viewed as a whole, the trial court's preliminary and final instructions defined evidence for the jury, explained the purpose of closing statements, and cautioned that comments and questions from the lawyers and the judge are not evidence. Even if the final charge was insufficient, it was not

---

[13] *Tillman v. Massey*, 281 Ga. 291, 294 (1) (637 SE2d 720) (2006) (citation and punctuation omitted).

[14] See *Griffith v. State*, 264 Ga. 326, 327 (2) (444 SE2d 794) (1994) (although trial court failed to include several key instructions in final charge, no harmful error where preliminary charge included required instructions).

"so blatantly prejudicial as to deprive [Holloway] of a fair trial."[15] Accordingly, this claim of error lacks merit.

*Judgment affirmed. Doyle, C. J., and Mercier, J., concur*.

---

[15] *Shilliday*, supra.